**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2911
_____

ODUNAYO OLAYINKA EKUNDAYO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A204-036-051)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 1, 2022
Before: GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 9, 2022)
_____

OPINION*
_____

PER CURIAM

Odunayo Olayinka Ekundayo petitions for review of a decision by the Board of

Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ekundayo, a citizen of Nigeria, entered the United States in 2009 as a non-immigrant and later adjusted his status to that of a lawful permanent resident. In 2019, he was sentenced to 24 months in prison after pleading guilty to conspiring to commit identity theft in the United States District Court for the Southern District of New York. The Government then charged Ekundayo as removable as an aggravated felon convicted of an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000 pursuant to 8 U.S.C. § 1101(a)(43)(M)(i), and as an aggravated felon convicted of conspiracy to commit an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(U).

Represented by counsel, Ekundayo denied removability and moved to terminate the proceedings on the ground that his offense did not involve a loss exceeding $10,000. An Immigration Judge (IJ) denied the motion to terminate, found Ekundayo removable, and ordered him removed to Nigeria. Ekundayo then filed a counseled appeal to the BIA. The BIA agreed with the IJ that the loss involved exceeded $10,000 and dismissed the appeal. Proceeding pro se, Ekundayo filed a petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252 and exercise de novo review over the BIA's legal conclusions. Singh v. Att'y Gen., 677 F.3d 503, 508 (3d Cir. 2012).

In his brief, Ekundayo does not challenge the determination that he was convicted of an offense that involves fraud or deceit. Nor does he object to the BIA's use of the circumstance-specific approach, which allows the agency to examine the specific circumstances of a fraud offense to determine if the amount of loss exceeded $10,000.

2

See Nijhawan v. Holder, 557 U.S. 29, 40 (2009).  He challenges only whether the loss to the victim or victims exceeded $10,000.

In determining that Ekundayo's offense resulted in a loss to the victims of over $10,000, the BIA noted that over a three-year period, Ekundayo acted as a middleman and gave the personal identification information of others from those who stole it to co-conspirators who used the information to take money from the victims' accounts.  His phone contained text messages with the identifying information of 60 victims, and he was held accountable for a total loss of over $717,000.

Ekundayo argues that he played a minor role in the conspiracy.  He points to all the actions he was not responsible for:  opening accounts, receiving money directly from the accounts, or stealing the identifying information.  He admits that he was held accountable for an approximate loss of over $717,000 but argues that there was no proof that his actions led to that loss or any loss of over $10,000 to any one victim.

Ekundayo's assertion that his individual actions did not lead to the $717,000 loss is unconvincing.  He clearly contributed to the losses caused by the identity theft scheme by forwarding the stolen identifying information to his co-conspirators.  Moreover, by pleading guilty to conspiracy, he is responsible for the losses caused by his co-conspirators.  See Doe v. Attorney Gen., 659 F.3d 266, 276 (3d Cir. 2011) (holding that noncitizen who pleaded guilty to aiding and abetting wire fraud scheme was responsible for loss caused by entire scheme and not just one discrete act).

As for his argument that he did not cause a loss exceeding $10,000 to any one victim, we have held that the Government can establish the loss without specifically

3

identifying a victim or victims, noting that all that is required is that victims exist, and that they have collectively lost over $10,000. See Rad v. Att'y Gen. United States, 983 F.3d 651, 669 (3d Cir. 2020). According to the presentence report, Ekundayo was held responsible for a loss of $717,000, which was calculated from nine accounts related to the text messages on his phone. While Ekundayo contends that the loss amount was less because his criminal judgment required a forfeiture of only $7,170, this amount reflects the money that he obtained from the scheme and not the losses caused by the scheme.

The BIA did not err in determining that Government established by clear and convincing evidence that the loss to the victim or victims exceeded $10,000 and that Ekundayo was removable. Accordingly, we will deny the petition for review.